# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**JAMES BYROM and MISSION UNITY INC.**, a Florida not-for-profit corporation,

  Plaintiff,

-vs-                                              Case No.  2:04-cv-365-FtM-29DNF

**CHARLOTTE COUNTY, FLORIDA**, a political subdivision of the State of Florida,

  Defendant.

_____/

# ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO QUASH PLAINTIFFS' NOTICES OF DEPOSITION AND MOTION FOR PROTECTIVE ORDER (Doc. No. 46)** |
| **FILED:** | June 6, 2005 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |

The Defendant is requesting that the Court quash the notices of deposition and enter a protective order prohibiting Charlotte County Commissioners Matthew DeBoer and Sara Devos, and Charlotte County Administrator Bruce Loucks from being deposed. The Defendants argue that Commissioners DeBoer and Devos, and Administrator Loucks have no involvement in the decisions of the Board of Zoning Appeals or the Code Enforcement Board, and have no personal knowledge of

the events in this case, and therefore should not be required to be deposed based on their high ranking governmental status. Plaintiffs respond that these individuals do have personal knowledge in this case.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P.26(b)(1). The Supreme Court has created an exception to this rule relating to high-ranking officials holding public office. *United States v. Morgan*, 313 U.S. 409 (1941). The *Morgan* doctrine recognized that high-ranking government officials need protection from having their depositions taken where they have no personal knowledge of the material facts. The burden of having to give depositions in all cases in which they are involved, but have no personal knowledge would not allow them to carry out their duties in the government. Courts have recognized that absent "extraordinary circumstances" a high ranking should not be required to be deposed. *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005), *See also, In re United States of America*, 985 F.2d 510 (11th Cir. 1993). Some courts require the party requesting the deposition to show that the deposition is necessary in order to obtain relevant information that cannot be obtained from other sources, and that the deposition does not significantly interfere with the ability of the government official to perform his governmental duties. *Notaro v. Giambra*, 1004 WL 1563106, *1 (W.D. N.Y. 2004), citing *Murray v. County of Suffolk*, 212 F.R.D. 108, 109 (E.D. N.Y. 2002).

The Plaintiff asserts that Commissioner DeBoer involved himself in two complaints concerning dwelling(s) that Plaintiffs were using in their housing program. Commissioner DeBoer appears to have conducted a personal investigation into complaints about Plaintiffs' property as is

evidenced by an e-mail dated February 11, 2005 and February 14, 2005 which was attached to the Response. The Court finds that based upon Commissioner DeBoer's investigation, he does have personal knowledge of material facts in this matter and the Court will allow him to be deposed.

The Plaintiffs assert that Commissioner Devos convened a workshop on homeless issues and the Fair Housing laws. Commissioner Devos invited a consultant to give a presentation on the Fair Housing Act and its requirements. The Plaintiffs failed to show how the arranging of this workshop and the seeking of certain funds for a Community Development Block Grant by Commissioner Devos is relevant or appears reasonably calculated to lead to the discovery of admissible evidence. The Plaintiffs should be able to obtain the information needed through requests for production or interrogatories rather than the deposition of Commissioner Devos. Therefore, the Court will not permit the deposition of Commissioner Devos.

The Plaintiffs are requesting that the Court require Administrator Loucks to be made available for deposition. The Plaintiff assert that he was copied on the e-mails sent from Commissioner Deboer. In addition, Plaintiffs claim that he was "playing an instrumental role in securing the CDBG [Community Development Block Grant] funds." He also has knowledge of the day-to-day operations of Charlotte County Departments. The Plaintiffs have failed to set forth how the information that Administrator Loucks possesses is relevant or appears reasonably calculated to lead to the discovery of admissible evidence. Therefore the Court will not permit the deposition of Administrator Loucks.

**IT IS FURTHER ORDERED:**

The parties shall cooperate with Commissioner DeBoer in scheduling his deposition for a date and time that is convenient for him and counsel.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO QUASH PLAINTIFFS' NOTICES OF DEPOSITION AND MOTION FOR PROTECTIVE ORDER (Doc. No. 48)** |
| **FILED:** | **June 8, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot. This document is a duplicate of Doc. 46.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO COMPEL DISCOVERY (Doc. No. 37)** |
| **FILED:** | **June 16, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot. this document is a duplicate of Doc. 34.

Counsel for the Defendant Charlotte County is directed not to electronically file documents and then send the same documents to the Clerk's Office. The Clerk's Office files documents sent to it, and the Court then has the same document filed twice. Electronic filing alone is sufficient.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this __17th__ day of June, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record