```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JAMES BYROM and MISSION UNITY INC.,
a Florida not-for-profit
corporation,

                      Plaintiff,

vs.                                   Case No.   2:04-cv-365-FtM-29DNF

CHARLOTTE COUNTY, FLORIDA, a
political subdivision of the State
of Florida,

                      Defendant.
_____/


**OPINION AND ORDER**

     This matter comes before the Court on plaintiffs' Motion for New Trial or in the alternative to Amend or Alter the Verdict (Doc. #118) filed on October 17, 2005.  Defendant filed its Response (Doc. #119) on October 28, 2005.  Plaintiffs also filed a Motion for Hearing on their Motion for New Trial (Doc. #120) on November 2, 2005 and defendant filed its Response (Doc. #121) the following day.

    Plaintiffs brought claims against defendant Charlotte County for violations of the Federal Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act for alleged discrimination against Mission Unity, a not-for-profit organization providing sober housing to recovering alcoholics and addicts in Charlotte county, and against James Byrom as Mission Unity's

executive director.  After a four-day jury trial, a jury returned a verdict in defendant's favor and a judgment was entered in favor of Charlotte County.  Plaintiffs now seek a new trial or for the Court to alter or amend the judgment.

Under Fed. R. Civ. P. 59, the Court may grant a new trial "for any of the reasons for which new trials have heretofore been granted[.]"  Fed. R. Civ. P. 59(a); <u>George v. GTE Directories Corp.</u>, 195 F.R.D. 696, 701 (M.D. Fla. 2000).  A motion for a new trial should not, however, be used merely to relitigate old issues already decided. <u>Ramos v. Boehringer Manheim Corp.</u>, 896 F. Supp. 1213, 1214 (S.D. Fla. 1994).

Plaintiffs argue that the Court erred in failing to give several jury instructions as they requested.  They assert the jury instructions given were confusing and misleading and resulted in a miscarriage of justice (Doc. #118, p.7), and the verdict was against the great weight of the evidence (<u>Id</u> at p.5).  In their motion plaintiffs note that they objected to the Court's proposed jury instructions because the instructions regarding intentional discrimination, discriminatory impact, and reasonable accommodation under the Federal Fair Housing Act (a) failed to adequately explain the theories of discrimination, (b) were confusing and would mislead, and (c) failed to address the role and duties of defendant's decision makers in rejecting the prejudicial comments and attitudes of those citizens opposing the housing plaintiffs provide.

Defendant responds that the facts as presented at trial were open to interpretation and that plaintiffs' real issue is that the jury did not see the facts in the way most beneficial to plaintiffs' cause.  Defendant further asserts that the jury was properly guided in its deliberations and contends denial of defendant's request for a new trial is warranted.  The Court agrees with defendant.

The Court has carefully considered the motion, and concludes that it should be denied.  "A district court has broad discretion in formulating jury instructions.... Motions for new trial on the basis of erroneous and prejudicial jury instructions are committed to the discretion of the trial court and reviewed to ascertain whether there has been a clear abuse of that discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1313 (11th Cir. 2000)(internal quotations and citations omitted).  The Court has reviewed the instructions given to the jury and controlling Eleventh Circuit law regarding the Federal Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act, and adheres to its prior rulings and explanations regarding the jury instructions as given. The Court finds no error in regard to the jury instructions.

Plaintiffs' case was not based upon uncontroverted facts, and contrary to plaintiffs' argument, there were questions of fact for the jury to decide.  The verdict could have varied depending upon how the jury interpreted these facts and upon the inferences drawn

from them.  If the facts of the case were truly uncontroverted and told only one story which required a decision in plaintiffs' favor as a matter of law, as plaintiffs assert, this case would not have made it past the summary judgment motion.  The facts and inferences reasonably made therefrom were open to interpretation, and reasonable jurors could have differed in how to piece them together and what they meant in regard to the claims.  The jury's verdict was not against the great weight of the evidence and plaintiffs are not entitled to a new trial.  The motion is due to be denied.

Accordingly, it is now

**ORDERED**:

1.  Plaintiffs' Motion for New Trial or in the alternative to Amend or Alter the Verdict (Doc. #118) is **DENIED.**

2.  Plaintiffs Motion for Hearing on their Motion for New Trial (Doc. #120) is also **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   29th   day of November, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record