UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES BYROM and MISSION UNITY INC.,
a Florida not-for-profit
corporation,

          Plaintiff,

vs.                                    Case No.  2:04-cv-365-FtM-29DNF

CHARLOTTE COUNTY, FLORIDA, a
political subdivision of the State
of Florida,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Attorneys' Fees and Costs (Doc. #113), filed on October 13, 2005. Plaintiffs filed an Opposition (Doc. #131) on January 6, 2006, after requesting an extension of time.  Also before the Court is defendant's Motion for Default Judgment Re: Defendant's Motion for Attorneys' Fees and Costs (Doc. #129), which is due to be denied as plaintiffs did file an opposition and the opposition was accepted and deemed timely filed.  (See Doc. #132).

**I.**

The Complaint (Doc. #1) set forth claims under the federal Fair Housing Act, the Americans With Disabilities Act, the Rehabilitation Act of 1973, and the Civil Rights Act.  Count III of

the Complaint, seeking relief under the Rehabilitation Act, was withdrawn. The case was set for a jury trial commencing September 27, 2005, lasting four days, and resulting in a jury verdict for defendant and finding no discrimination. Judgment was entered on September 30, 2005, against plaintiffs on all counts pursuant to the jury verdict.

Under 42 U.S.C. § 12205, a prevailing party is entitled to a "reasonable attorney's fee, including litigation expenses, and costs" at the Court's discretion. Under 42 U.S.C. § 1988(b), a party prevailing under 42 U.S.C. § 1983 is entitled to "a reasonable attorney's fee as part of the costs." Under 42 U.S.C. § 3613(c)(2), a prevailing party may be awarded "reasonable attorney's fees and costs." The Court finds that defendant is the prevailing party, as defined by the Eleventh Circuit Court of Appeals, and would be entitled to a reasonable fee, including expenses and costs.

The Supreme Court, in <u>Hughes v. Rowe</u>[1] and <u>Christiansburg Garment Co. v. EEOC</u>,[2] established a heightened standard for awarding attorney fees to prevailing defendants. A more stringent standard applies to a prevailing defendant, who may be awarded attorney fees only if the court finds that plaintiff's claim was frivolous, unreasonable, or without foundation, even though not

---

[1] 449 U.S. 5 (1980).

[2] 434 U.S. 412 (1978).

brought in subjective bad faith. Christiansburg Garment Co., 434 U.S. at 421; Bonner v. Mobile Energy Servs. Co., L.L.C., 246 F.3d 1303, 1304 (11th Cir. 2001). In Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1188-90 (11th Cir. 1985), the Eleventh Circuit established that this determination is to be made on a case-by-case basis, and identified a non-exhaustive list of factors to be considered: whether (1) plaintiff established a prima facie case; (2) defendant offered to settle; and (3) trial court dismissed the case prior to trial or held a trial on the merits. Sullivan, 773 F.2d at 1189 (citations omitted). These factors are only general guidelines and not hard and fast rules. Bonner, 246 F.3d at 1305 n. 9; Bruce v. City of Gainesville, Ga., 177 F.3d 949, 952 (11th Cir. 1999).

Viewing the evidence in the light most favorable to the non-prevailing party, as the Court must, Johnson v. Florida, 348 F.3d 1334, 1354 (11th Cir. 2003), the Court cannot find that the case was frivolous, unreasonable or without foundation. The Court, in its September 12, 2005, Opinion and Order (Doc. #83) denying summary judgment specifically stated that:

> A reasonable jury, viewing the evidence in the light most favorable to plaintiffs, could well find for plaintiffs on the issue of discrimination under all the statutes. . . . Taking the Summary Judgment record as a whole, plaintiffs have presented sufficient evidence of disparate treatment.

(Doc. #83, pp. 14-15). Defendant states that it is "not arguing that plaintiffs' case was frivolous." (Doc. #115, p. 2). Rather,

defendant argues that the case was brought and maintained in bad faith. The Court cannot state that the case was brought in bad faith, whatever defendant's impression of plaintiffs' conduct, and the Court has previously declined to imposed sanctions. As such, the Court declines to award fees and expenses to defendant as a prevailing party, or for bad faith purposes, or as a sanction in the alternative.

## II.

Costs may be awarded in a civil rights action under the statutory authority of § 1920. Expenses or nonstatutory costs are separate from statutory costs and must be considered with a request for fees. See Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1189 (11th Cir. 1983); Cappeletti Brothers, Inc. v. Broward County, 754 F. Supp. 197, 198 (S.D. Fla. 1991). Because the Court has denied the request for attorney fees, only statutory costs will be allowed.

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule

54(d)." <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987). Defendant seeks costs, pursuant to a Bill of Costs (Doc. #112, Ex. 4), in the amount of $8,551.30 for court reporter costs, copying costs, witnesses, and for an expert. Plaintiff does not dispute the amount or the entitlement to the statutory costs.

Under 28 U.S.C. § 1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee plus travel expenses. This $40.00 is a maximum amount per witness, including expert witnesses. <u>Morrison v. Reichhold Chems., Inc.</u>, 97 F.3d 460, 463 (11th Cir. 1996); <u>Cronin v. Washington Nat'l Ins. Co.</u>, 980 F.2d 663, 672 (11th Cir. 1993). As the Court cannot determine what the $5,452.50, for Bass & Associates, Inc. consists of, the Court will eliminate the request and otherwise grant the motion.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Attorneys' Fees and Costs (Doc. #112) shall be **terminated** as a duplicate.

2. Defendant's Motion for Attorneys' Fees and Costs (Doc. #113) is **GRANTED IN PART AND DENIED IN PART**. The request for fees and expenses is denied and the request for costs is granted in the amount of **$3,098.80.**

3. Defendant's Motion for Default Judgment Re: Defendant's Motion for Attorneys' Fees and Costs (Doc. #129) is **DENIED.**

    4.    The Clerk shall enter Judgment taxing costs against plaintiff in the amount of **$3,098.80.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>  27th  </u> day of January, 2006.

_____<br>
JOHN E. STEELE<br>
United States District Judge

Copies:
Counsel of record
DCCD